IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CR-266-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| IRVIN FIELDS, | ) | |

This matter is before the court on defendant's motion to suppress eyewitness identification. (DE 48). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge James E. Gates issued memorandum and recommendation ("M&R"), wherein it is recommended that the court deny defendant's motion. (DE 60). Defendant filed objections both through counsel and pro se to the M&R. (DE 61, 62, 63). For the reasons that follow, the court adopts the recommendation of the magistrate judge as its own, and denies defendant's motion.

## STATEMENT OF THE CASE

On November 1, 2016, defendant was charged in a three-count indictment with committing a Hobb's Act robbery of the West Mount Food Mart in Rocky Mount, North Carolina ("the store") on or about May 10, 2016, in violation of 18 U.S.C. § 1951 (count one); brandishing a firearm in furtherance the robbery, in violation of 18 U.S.C. § 924(c)(1)(A) (count two); and possessing a firearm on or about the same date after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g) and 924 (count three).

After appearance of new counsel for defendant, on January 22, 2018, defendant filed on April 3, 2018, the instant motion to suppress eyewitness identification. Upon defendant's motion, arraignment has been continued and will be reset to occur no sooner than 45 days after the court's ruling on the motion to suppress. The magistrate judge held evidentiary hearing on the motion to

suppress on June 5, 2018, and admitted evidence at the hearing introduced by defendant, including: 1) report of investigation, 2) handwritten statement of Lewis Batts ("Batts"), 3) incident/investigation report, 4) supplemental report, 5) video clips of robbery, and 6) handwritten field note from detective Baker. The court also admitted screen shots from the video of the robbery, introduced by the government.

In the M&R, the magistrate judge determined that an out-of-court eyewitness identification by Batts was not obtained through impermissibly suggestive procedures and that it was sufficiently reliable to meet the requirements of the Due Process Clause of the Fifth Amendment. Thus, the magistrate judge recommended denying defendant's motion to suppress. Defendant, through counsel, filed objections to the M&R "for the purpose of preserving his right to appeal," (DE 61) and defendant pro se filed additional objections and letter regarding the same (DE 61, 62).

## STATEMENT OF THE FACTS

The court incorporates herein by reference the findings of fact set forth at section II of the M&R, as relevant to the instant motion, where such findings accurately reflect the evidence of record. (See DE 60 at 3-12).

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for

"clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.   Analysis

"Due process principles prohibit the admission at trial of an out-of-court identification obtained through procedures 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" United States v. Saunders, 501 F.3d 384, 389 (4th Cir. 2007) (quoting Simmons v. United States, 390 U.S. 377, 384 (1968)). "The Due Process Clause is not implicated, however, if the identification was sufficiently reliable to preclude the substantial likelihood of misidentification." Id. (quotations omitted); see Manson v. Brathwaite, 432 U.S. 98, 106 (1977).

Here, the magistrate judge correctly determined that the eyewitness identification by Batts was not obtained through impermissibly suggestive procedures and it was sufficiently reliable to meet the requirements of the Due Process Clause. This determination was made through cogent analysis of relevant facts in the record and the applicable law. With respect to suggestiveness, the magistrate judge correctly determined that the identification here was not obtained through suggestive procedures because: 1) the identification was performed promptly after the robbery, 2) Batts provided specific descriptive information of the robber, the robber's car, and the firearm used, and 3) the identification was completed under circumstances where it was important to continue the search for the real culprit promptly if he had not been apprehended. See Smith v. Coiner, 473 F.2d 877, 881 (4th Cir. 1973).

3

With respect to reliability, the magistrate judge correctly determined that the identification here was reliable because: 1) Batts had opportunity to view the robber and paid close attention, 2) Batts provided a generally accurate description, 3) Batts showed a high level of certainty at the time of identification, and 4) there was a short 30 minute length of time between the crime and confrontation. See Neil v. Biggers, 409 U.S. 188, 199-200 (1972). Accordingly, the court adopts as its own the analysis in the M&R as to these factors.

Defendant argues in his objections that the video belies the findings of the magistrate judge. The court's review of the video, however, demonstrates that the magistrate judge fairly described the video footage. For example, defendant argues that the video shows that the robber's "face was covered the entire time." (Pro Se Obj. (DE 62) at 1). In fact, the first video segment shows Batts following the robber closely behind the suspect in a well-lit area, walking through the entry door to the store, with the scarf down around the robber's neck and face completely exposed, as he enters the store and turns back holding the door. (Def's Ex. 5, 1 of 5). The third video segment shows Batts standing with the robber behind the register, and the robber has adjusted his scarf to cover only his mouth, and once adjusts the scarf to cover the lower part of his nose. (Id. 3 of 5).

Defendant also argues that the video shows a "knitted cap covering [the robber's] entire head." (Pro se Obj. (DE 62) at 1). The video is not so conclusive. It does show, however, that Batts had ample opportunity, at close range, under bright lighting conditions, to observe the back of the robber's head and his hair, build, and clothing. (Def's Ex. 5). As noted by the magistrate judge, the store clerk's description was generally accurate and is not belied by the video. The magistrate judge also correctly determined that the discrepancies between Batts' description and the video, such as whether the clothing was black as opposed to grey or tan, are not material to the due process

4

analysis, in light of the other features matching Batts's description.

In sum, defendant's objections do not provide a basis for finding the eyewitness identification in this case was impermissibly suggestive or unreliable.

**CONCLUSION**

Based on the foregoing, upon careful review of the M&R and the record, the court ADOPTS the recommendation of the magistrate judge as its own. Defendant's motion to suppress (DE 48) is DENIED.

SO ORDERED, this the 15th day of October, 2018.

LOUISE W. FLANAGAN
United States District Judge