IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CR-266-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| IRVIN FIELDS | ) | |

This matter comes before the court on defendant's motion to dismiss all charges with prejudice pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 et seq. (DE 105). The issues raised have been fully briefed, including with benefit of defendant's reply, and in this posture are ripe for ruling.

**BACKGROUND**

On November 1, 2016, defendant was indicted for interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951 ("Count One"); brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Two"); and unlawfully possessing a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 ("Count Three").[1] At initial appearance December 7, 2016, the court ordered appointment of the Federal Public Defender to represent defendant, detained upon the government's motion.

On December 12, 2016, defendant appeared before a magistrate judge for detention hearing. Because defendant had questions regarding his waiver of detention hearing form, and he

---

[1] On December 5, 2019, the grand jury returned superseding indictment against defendant, alleging scienter in count three consistent with the United States Supreme Court's recent decision in Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019).

apparently wanted to speak with a third party before waiving detention hearing, the court granted defendant's request for continuance of three days, finding that the ends of justice outweighed the interests of defendant and the public in a speedy trial and excluding the period of delay from speedy trial computation. On December 15, 2016, defendant waived detention hearing.

Pursuant to the court's scheduling order entered December 7, 2017, arraignment was set for the court's term commencing February 14, 2017. On February 8, 2017, defendant moved through counsel to continue arraignment to allow more time to investigate his case. The court granted the motion, finding that the ends of justice outweighed the interests of defendant and the public in a speedy trial and excluding the resulting period of delay from speedy trial computation. Arraignment was set for the court's term commencing April 11, 2017.

On March 28, 2017, defendant again moved through appointed counsel to continue arraignment to allow continued investigation of the case, as well as additional time to receive and review discovery from the government. Again, the court granted the continuance motion, finding that the ends of justice outweighed the interests of defendant and the public in a speedy trial and excluding the period of delay from speedy trial computation. Arraignment was set for the court's term commencing June 13, 2017.

On April 12, 2017, defendant's counsel moved to withdraw and allow appointment of substitute counsel on grounds that the Federal Public Defender had discovered some conflict of interest. Good cause having been shown, the court allowed the motion. The next day, defendant's new attorney, from the court's approved panel, entered his appearance. Many others have followed as discussed below in this case now set for trial to commence May 27, 2020.

Defendant's dissatisfaction with representation provided first appears on the docket June 2, 2017, upon filing of defendant's own motion seeking appointment of a new lawyer to represent

him. Defendant complained of fundamental disagreement with strategy espoused by his new counsel, who, he wrote, had encouraged him strongly to plead guilty. Defendant's motion was set for hearing June 15, 2017, at time of arraignment.

On June 5, 2017, the parties jointly moved through counsel to continue arraignment and hearing on motion to appoint new counsel. Counsel for the government had already arranged a prepaid vacation conflicting with the later set arraignment date of June 15, 2017, and counsel for the defendant was required then to appear on behalf of another client at a sentencing hearing in Greenville, North Carolina. Based upon these representations, the court granted the motion, finding that the ends of justice outweighed interests in a speedy trial and, again, excluding the period of delay from speedy trial computation. The matter was continued to the next month's term, commencing July 11, 2017.

A letter manifesting defendant's continued complaints concerning appointed counsel was taken into the record July 10, 2017. At hearing July 12, 2017, defendant indicated his attorney was not on his side where defendant was desirous of pleading not guilty. Defense counsel represented that defendant had no confidence in him. Accordingly, the court ordered appointment of new counsel for defendant. The court continued defendant's arraignment to the court's term commencing September 12, 2017, finding the ends of justice outweighed interests in a speedy trial and excluding the period of delay from speedy trial computation.

On July 17, 2017, defendant's next appointed attorney from the court's approved panel entered appearance. Request for discovery promptly was made. On September 1, 2017, defendant filed through counsel a consent motion to continue arraignment, requesting that counsel be given additional time to review voluminous discovery with defendant. Defendant sought continuance of his arraignment until the court's November term. The court granted the motion, again finding that

3

the ends of justice outweighed the interests of defendant and the public in a speedy trial and excluding the period of delay from speedy trial computation.

On October 28, 2017, another consent motion to continue arraignment was filed by defendant through counsel, requesting additional time to review voluminous discovery with defendant. Counsel also made reference to his work in an unrelated state matter, involving first degree murder and arson charges, with that trial beginning November 13, 2017. Defendant requested arraignment be continued until the court's January 2018, term. The court granted the motion, finding that the ends of justice outweighed the interests of defendant and the public in a speedy trial and excluding the period of delay from speedy trial computation.

On November 22, 2017, defendant filed his own motion to appoint new counsel, asserting that his third appointed counsel was ineffective because he did not show up for a meeting and did not respond to defendant's correspondence. He also complained of evidence tampering by law enforcement. He requested desire for resolution of his case soon. Hearing was set on that motion at time of arraignment in January 2018.

Before that hearing, defendant filed his own motion to dismiss for speedy trial violation. His appointed attorney followed defendant's protestations about his effectiveness with counsel's own motion to withdraw, filed January 15, 2018, on grounds that his communications with defendant had so broken down that counsel was unable to take substantive action to represent defendant. At hearing January 16, 2018, defendant asserted that counsel was not communicating effectively with him, while counsel disagreed. The court granted the motion to withdraw, ordered appointment of new counsel, and continued arraignment, finding on this basis that the ends of justice outweighed the interests of defendant and the public in a speedy trial and excluding the

period of delay from speedy trial computation. Defendant's arraignment was continued to the court's March 2018, term.

On January 22, 2018, defendant's next appointed attorney from the court's approved panel entered his appearance in this case. On February 5, 2018, counsel withdrew on his client's behalf that pro se motion to dismiss for speedy trial violation filed January 10, 2018.

On March 6, 2018, defendant filed without any objection by the government a motion to continue, noting that counsel had received written and audio-visual discovery from the government, that counsel was new to the case, and that he required additional time to more fully review the discovery with the defendant and advise the defendant so that he could make an informed decision about how to plead at his arraignment. Defendant, through his new counsel, sought more time also to consider any case resolution short of trial. The court granted the motion to continue arraignment, finding in this instance, too, that the ends of justice outweighed the interests of defendant and the public in a speedy trial and excluding the period of delay from speedy trial computation. Arraignment was continued over to the court's April 10, 2018, term.

The week before that term commenced, defendant filed motion to suppress eyewitness identification. That motion, filed April 3, 2018, was followed the next day by defendant's motion to continue arraignment, requesting that the court rule on his motion to suppress prior to entering his plea. The court granted the motion to continue on April 5, 2018, continuing arraignment to a date no sooner than 45 days after the court's ruling on defendant's motion to suppress. The court found that any delay resulting from this continuance was excluded from the Speedy Trial Act for reasons noted.

On April 11, 2018, and May 3, 2018, the government sought, without objection from defendant, modest time extensions to respond to defendant's motion to suppress. In support of the

motions, counsel for the government represented that he had been out of state for most of the week of April 1, 2018, that counsel spent several days of the week of April 9, 2018, in hearings or meeting with law enforcement and in interviews on other cases, appeared in three suppression hearings scheduled for April 30, 2018, and anticipated appearing in a short trial commencing May 7, 2018. The court granted both motions for extension of time, finding that the ends of justice served by the continuances outweighed the interest of the public and the defendant in a speedy trial.

After receiving the government's response in opposition to defendant's motion to suppress on May 16, 2018, the court referred the motion to a magistrate judge for evidentiary hearing and memorandum and recommendation ("M&R"). Evidentiary hearing was held before the magistrate judge on June 5, 2018. On September 4, 2018, the magistrate judge issued his M&R, recommending that defendant's motion to suppress be denied. Defendant timely objected. On de novo review, the court adopted the M&R and denied defendant's motion to suppress in order entered October 15, 2018.

Pursuant to the court's April 5, 2018, order, arraignment then was scheduled for the court's December 2018, term, noticed November 6, 2018, to commence at 1:30 p.m. on December 11, 2018. On December 3, 2018, defendant moved to continue arraignment by two days, where defense counsel had an ongoing trial in an unrelated matter in Mecklenburg county and was already scheduled to appear before this court in New Bern on December 13, 2018. The court granted the motion with deference to the various interests in a speedy trial, again excluding any delay from speedy trial computation.

At arraignment, defendant pleaded not guilty to all charges. Administrative pretrial telephonic scheduling conference before this court, to confirm trial date, and deadlines for certain

pretrial filings, was set for December 17, 2018. Defendant, through counsel, moved to continue that conference, noting defense counsel was unable to attend due to counsel's ongoing trial in state court. The court granted the motion, rescheduling conference to December 20, 2018, finding that any delay that results from this continuance excluded from the Speedy Trial Act computation for the reason that the ends of justice served by granting this continuance outweighed the best interest of the public and the defendant in a speedy trial.

At conference, upon concurrence of the parties, the court scheduled trial to commence May 6, 2019, with the following minute entries entered on the docket reporting an oral waiver of speedy trial rights by defendant:

> Minute Entry for proceedings held before District Judge Louise Wood Flanagan in New Bern, NC Chambers: Telephonic Scheduling Conference as to Irvin Fields held on 12/20/2018 - Assistant U.S. Attorney John Bennett present for USA - Dhamian Blue present for defendant - Scheduling matters discussed - <u>Defendant waives speedy trial rights</u> - Estimated length of trial is 3 days - Jury Selection and commencement of Jury Trial set for 5/6/2019 at 9:30 a.m. - The parties are to be present at 9:00 a.m. for administrative conference with the court - Proposed jury instructions and voir dire due by 4/29/2019. (Tripp, S.) (Entered: 12/20/2018)
>
> <u>Oral Waiver of Speedy Trial by Irvin Fields</u>. (Tripp, S.) (Entered: 12/20/2018)

(Dec. 20, 2018, Docket Entries) (emphasis added).

Save for various substitutions of counsel for the government, the docket was fairly quiet up to and through March 2019, until pro se defense motions were filed March 29, 2019 and April 1, 2019, respectively. In the former, defendant complained of a lack of subject matter jurisdiction. In the latter he repeated alleged speedy trial violations. In order entered April 1, 2019, the motions summarily were denied with admonishment from the court that "so long as counsel is appointed, any pro se motion submitted by you will be terminated as a pending motion by the clerk's office without further order from this court." April 1, 2019, order (DE 82). The court went on to add with respect to defense counsel's motion to withdraw filed the same date, "[w]hether or not the

7

actions herein taken obviate need for counsel's motion to withdraw remains to be seen. Hearing on this motion is set before the undersigned Monday, April 8, 2019, at 1:30 p.m. at New Bern." Id.

In his motion to withdraw, defense counsel explained that communication with defendant had become contentious. Defendant had made it apparent he was dissatisfied with counsel and did not believe the attorney was acting in his best interest. In addition, counsel noted that defendant continued to make pro se filings, some of which counsel contended created irreconcilable conflicts. At hearing on April 8, 2019, defendant avowed he did not want to represent himself, and that he wanted to keep this fourth appointed attorney as counsel.

All things taken into consideration, upon the circumstances presented, the court determined after hearing that defense counsel should be allowed to withdraw. The Federal Public Defender again was ordered to appoint new counsel from the court's approved panel.

On April 9, 2019, defendant's fifth appointed attorney entered appearance in this case. On April 16, 2019, defendant moved to continue trial to review discovery, meet with counsel, and prepare for trial. The court granted the motion, rescheduling trial to September 4, 2019, finding that the ends of justice served by granting this matter to be rescheduled outweigh the best interests of the public and the defendant in a speedy trial, and excluding the period of delay from Speedy Trial Act computation.

On August 17, 2019, defendant, through counsel, again moved to continue trial due to medical emergency arising from defense counsel's wife becoming seriously ill, which had precluded defense counsel from consulting with defendant, reviewing discovery, properly investigating the matter, and preparing defenses for trial. The court granted the motion, and rescheduled trial to commence February 24, 2020. It found that because the ends of justice served

by the motion outweighed the best interests of the public and defendant in a speedy trial, such period of delay should be excluded from speedy trial time.

About one month before defendant's trial date, on January 28, 2020, defense counsel sought yet another continuance, noting that, in addition to defense counsel's wife suffering severe illness, defense counsel himself suffered a health issue, continuing to prevent him from consulting with defendant. In light of persistent issues described, the court dispensed with this representation and directed the federal public defender to appoint new counsel.

On January 30, 2020, defendant's next appointed attorney from the court's approved panel entered notice of appearance in this case.[2] The same day, defendant filed motion to continue trial to May 2020 in order to allow counsel time to review discovery, meet with defendant, and prepare for trial. The court allowed the motion, continued trial to May 27, 2020, extended the pretrial motions deadline, and found that because the ends of justice served by the motion outweighed the best interests of the public and defendant in a speedy trial, such period of delay was excluded from speedy trial time.

Defendant filed the instant motion to dismiss all charges with prejudice for speedy trial violation on March 10, 2020. In support of the motion, defendant relies upon a state court judgment entered against defendant's alleged accomplice, Carmaine Fields, for aiding and abetting common law robbery.

**COURT'S DISCUSSION**

A.    Calculating Speedy Trial Time

"In any case in which a plea of not guilty is entered, the trial of a defendant . . . shall commence within seventy days from the filing date (and making public) of the information or

---

[2]     Defendant's sixth appointed attorney currently represents defendant in this matter.

9

indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "[I]f a defendant has appeared before a judicial officer in connection with a charge before the indictment is filed, the filing of the indictment starts the 70-day period. If prosecution originates with an indictment, the period runs from the defendant's first appearance after indictment." United States v. Carey, 746 F.2d 228, 229 n.1 (4th Cir. 1984). In most instances, defendant's first appearance before a judicial officer is his initial appearance. See, e.g., United States v. Ellis, 781 F. App'x 271, 272 (4th Cir. 2019); United States v. Braxton, 456 F. App'x 242, 249–50 (4th Cir. 2011); but see United States v. Bourne, 743 F.2d 1026, 1029 (4th Cir. 1984) (observing defendant's first appearance before a judicial officer was at arraignment).

Defendant argues that the court is without authority to exclude time from speedy trial computation prior to arraignment, relying exclusively on the United States Court of Appeals for the Fourth Circuit's statement that "[u]nder the plain language of section 3161(c)(1), unless a defendant has entered a plea of not guilty, the provisions of that section have not been triggered." United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995). Defendant's reliance upon Tootle is misplaced. There, the court delayed arraignment until the day of trial, at which point defendant pleaded guilty. Id. The district court dismissed the case for violation of the Speedy Trial Act, and the Fourth Circuit reversed, holding the Speedy Trial Act does not apply in cases where defendant pleads guilty. Id.

Nowhere does the Fourth Circuit's decision in Tootle address exclusions of time from speedy trial computation when defendant enters a plea of not guilty. As to that issue, the statutory text of the Speedy Trial Act is dispositive. If a defendant pleads not guilty, then trial must commence "within seventy days from the filing date (and making public) of the information or

10

indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The provision allowing for exclusions begins: "[t]he following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h). The Speedy Trial Act thus allows exclusion of time between initial appearance and trial for any of the reasons listed under subsection (h), without regard to when defendant is arraigned.

B.  Speedy Trial Exclusions

"[A] defendant may not prospectively waive the application of the [Speedy Trial] Act." Zedner v. United States, 547 U.S. 489, 500 (2006). Evaluating the text, purpose, and legislative history of § 3161, the Supreme Court has held that, because the public and the defendant jointly share an interest in a speedy trial, defendant may not unilaterally waive that right. See id. at 500–02. "Conspicuously, § 3161(h) has no provision excluding periods of delay during which a defendant waives the application of the Act, and it is apparent from the terms of the Act that this omission was a considered one." Id. at 500. Indeed, only "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." United States v. Mosteller, 741 F.3d 503, 506 (4th Cir. 2014) (emphasis in original) (quoting 18 U.S.C. § 3162(a)(2)).

The Speedy Trial Act provides several different exclusions from the 70-day time period relevant to the instant case. First, the court excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). This exception excludes from speedy trial calculations "the period between [a pretrial motion's] filing and its resolution. United States v. Riley, 991 F.2d 120, 124 (4th Cir. 1993). "[T]he filing of a pretrial motion falls within this

11

provision irrespective of whether it actually causes, or is expected to cause, delay in starting a trial." United States v. Tinklenberg, 563 U.S. 647, 650 (2011). Moreover, there is no requirement that exclusion of time under this exception be reasonable. Henderson v. United States, 476 U.S. 321, 326–27 (1986).

Second, the court may exclude from speedy trial computation "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

In granting an exception under the "ends of justice" provision, the court must make findings based on several factors, including "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). The court may also consider whether proceeding "would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."[3] 18 U.S.C. § 3161(h)(7)(B)(iv). "The court is only required to state its findings on the record by the time it rules on the defendant's motion to dismiss; however, it must be 'clear from the record that the court conducted the

---

[3] For example, delay reasonably necessary to allow defendant the opportunity to prepare and file pretrial motions is excludable from speedy trial computation, provided that the court make specific findings required under (h)(7). See Bloate v. United States, 559 U.S. 196, 214 (2010); United States v. Jarrell, 147 F.3d 315, 318 (4th Cir. 1998).

mandatory balancing contemporaneously with the granting of the continuance.'" United States v. Henry, 538 F.3d 300, 304 (4th Cir. 2008) (quoting United States v. Keith, 42 F.3d 234, 237 (4th Cir. 1994)); see United States v. Mir, 525 F.3d 351, 358 (4th Cir. 2008). "The best practice, of course, is for a district court to put its findings on the record at or near the time when it grants the continuance." Zedner, 547 U.S. at 507 n.7.

In Henry, the district court denied defendant's motion to dismiss for speedy trial violation, reasoning "that the 103–day continuance ordered on March 24, 2006, could be excluded from the speedy trial calculation as an ends-of-justice continuance based on counsel's need for additional time to prepare for trial." 538 F.3d at 304. The Fourth Circuit reversed the lower court's ruling, noting that, at scheduling conference, "the district court focused on the speedy trial waivers and the schedules of counsel and the court." Id. at 305–06.

Though this case spans over three years in length, there are only three periods of time included in the court's speedy trial computation. First, the court must include most of the period between defendant's detention hearing on December 15, 2016, and his initial term of arraignment on February 14, 2017.[4] Second, the court must include two days between when defendant entered his not guilty plea on December 13, 2018, and telephonic scheduling conference on December 20, 2018. Third, the court must include in speedy trial computation the period from December 21, 2018, to May 6, 2019, excluding the following days: March 29 through April 8, 2019, and April 16 and 17, 2019.

The third portion of time included in the court's speedy trial computation is that delay made in reliance upon defendant's waiver of speedy trial. As noted in Zedner, defendant may not prospectively waive his speedy trial rights. Also, as in Henry, the court cannot make a post-hoc

---

[4] The court excludes the day defense counsel filed pretrial motion to continue arraignment on February 8, 2017.

13

finding that the ends of justice were served by the delay in scheduling defendant's trial on May 6, 2019, where it is not "clear from the record" in the form of the court's minute entry entered December 20, 2018, "that the court conducted the mandatory balancing contemporaneously with the granting of the continuance." Henry, 538 F.3d at 304 (quotations omitted). Here, the court did not in this instance "put its findings on the record at or near the time when it grant[ed] the continuance." Zedner, 547 U.S. at 507 n.7. Rather, the court noted only, with respect to speedy trial computation, that "Defendant waives speedy trial rights," and the court noted "Scheduling matters discussed." (Dec. 20, 2018, Minute Entry). Under the unique circumstances of this case, it is not "clear from the record" that the court engaged during the scheduling conference in a balancing of the factors under 18 U.S.C. § 3161(h)(7)(A), 18 U.S.C. § 3161(h)(7)(B)(i), and 18 U.S.C. § 3161(h)(7)(B)(iv). Henry, 538 F.3d at 304 (quotations omitted). Accordingly, the entire time between the scheduling conference on December 20, 2018, and the trial date then set for May 6, 2019, is not properly excludable from the speedy trial computation, despite the waiver noted on the docket. Rather, excepting those periods of time where the court considered motions filed by defendant and defense counsel, the period of delay between telephonic scheduling conference and defendant's initial trial date will be included in the court's speedy trial calculations.

Based on the court's computations, approximately 184 included days have elapsed between defendant's initial appearance and his trial. As this exceeds the statutorily mandated number of 70 included days, see 18 U.S.C. § 3161(c), a violation of the Speedy Trial Act has occurred.

C. Dismissal

"If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). "In determining whether to dismiss the case with or without

prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." Id. As the language of the Speedy Trial Act indicates, the court must consider and make factual findings or evidence in the record as to the relevant statutory factors. United States v. Taylor, 487 U.S. 326, 343–44 (1988).

The court finds that the offenses for which defendant is indicted, involving robbery of a convenience store with a firearm, are serious offenses. Defendant's argument that the offense is not serious because no victim was physically harmed and only $500.00 was stolen is unpersuasive. Likewise, the judgment entered against defendant's accomplice for a different offense under state law does not compel a different conclusion. (See Carmaine Fields State Court Judgment (DE 107)). This factor weighs in favor of dismissal without prejudice.

As to the facts and circumstances of this case which lead to dismissal, the court finds that the government is not at fault for a speedy trial violation in the instant case. Defense counsel attempted to orally waive defendant's speedy trial rights at administrative conference on December 20, 2018, and the court relied upon that waiver without memorializing on the record a balancing of the statutory factors under 18 U.S.C. § 3161(h)(7)(A), 18 U.S.C. § 3161(h)(7)(B)(i), and 18 U.S.C. § 3161(h)(7)(B)(iv). Such waiver was insufficient to exclude the time from speedy trial computation, based upon Zedner. However, speedy trial time was otherwise meticulously documented and observed by the court, and findings made with each request for continuance made by the parties, most of which were from defendant. The lack of consistency between fourth defense counsel's attempt to waive defendant's speedy trial rights, and defendant's attempts to assert speedy trial rights, is attributable to defendant's well-documented inability to cooperate and

15

communicate with his cavalcade of appointed attorneys. The facts and circumstances leading to dismissal weigh in favor of dismissal without prejudice.

Finally, the court finds that the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice weigh in favor of dismissal without prejudice. Though this case has dragged on for over three years, the delay in this case was almost exclusively for consideration of pretrial motions filed by defendant or to allow defendant's six appointed attorneys time to review discovery, prepare and pretrial motions, consult with defendant, and prepare for trial. Under such circumstances, holding the government responsible for delays arising from defendant's attorney-client relationships is contrary to the purposes of the Speedy Trial Act and would frustrate the administration of justice.

Weighing all pertinent factors under § 3162(a)(2), the court finds that dismissal without prejudice is appropriate in the instant case. As such, reprosecution will be allowed.[5] See United States v. Thomas, 705 F.2d 709, 710–11 (4th Cir. 1983).

**CONCLUSION**

On defendant's motion to dismiss all charges with prejudice under the Speedy Trial Act (DE 105), pursuant to 18 U.S.C. § 3162(a)(2), the superseding indictment against defendant (DE 91) is DISMISSED WITHOUT PREJUDICE. The motion is GRANTED IN SUCH PART, and DENIED IN THAT PART seeking dismissal with prejudice, for reasons given. The clerk is DIRECTED to close this case.

SO ORDERED, this the 2nd day of April, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[5] The court does not reach defendant's alternative constitutional arguments.